SCHNEE, JR., PLAINTIFF, *v.* KLUG TRUCKING COMPANY, AN OHIO CORPORATION ET, DEFENDANTS.

Common Pleas Court, Butler County.

No. 78357. Decided June 12, 1961.

*Mr. G. E. Condo*, for the plaintiff.
*Mr. Harry T. Wilks*, for the defendants.

CRAMER, J.  This cause is before the court upon the pleadings consisting of the petition, answer and reply, the evidence, arguments and memoranda of counsel.  The cause was heard without the intervention of a jury.  Plaintiff seeks to recover from the defendants under a written contract of employment between him and one of the defendants herein, Klug Trucking Company.  The defendants, other than the Klug Trucking Company, are its subsidiaries and "brother" companies.

Under the contract entered into between plaintiff and Klug Trucking Company, hereinafter referred to as Klug, Charles F. Schnee, Jr. was employed as the executive vice-president and general manager of said Klug for the period of five years from the 22nd day of July, 1957.

"And thereafter until this agreement shall be determined by either party hereby giving to the other three months' notice in writing of such intended determination."

Said contract has the following provisions respecting the compensation Charles F. Schnee, Jr. was to receive:

"The second party shall receive as compensation for his services an annual salary of Thirteen Thousand Dollars ($13,-000) payable in equal monthly payments, unless otherwise mutually agreed upon, . . . ."

There was also included this further provision:

"At the end of each calendar year hereafter during the term of this agreement, it is expected additional compensation shall be paid to the second party commensurate with his services based on the combined net earnings of first party and said companies as if their business were conducted as a separate unity."

The evidence shows that on or about November 20, 1959, plaintiff and Eugene Klug, acting on behalf of the defendants, agreed that plaintiff's employment should cease and terminate as of February 20, 1960. It also appears that on December 30, 1959, said Eugene Klug discharged plaintiff. It also seems undisputed that plaintiff obtained other employment upon January 15, 1960.

The evidence further shows that during the calendar year of 1958 plaintiff was paid the sum of $9,773.17. And that during the calendar year of 1959 he was paid the sum of $9,014.64. Plaintiff seeks recovery of the difference between said amounts actually paid him in 1958 and 1959 and what he claims said defendant Klug Company agreed to pay him, namely, $13,000 plus the sum of $541.67 being the amount he claims as damages by reason of the breach of said agreement for his loss of earnings from January 1, 1960 until January 15, 1960, the latter date being the date on which he commenced his new employment.

The defendants contend that the reduced amounts paid to plaintiff by them for the years 1958 and 1959, that is, the amount for each of those two years less than the $13,000, paid to plaintiff was paid and received by him in accordance with the contract which provided for $13,000 yearly salary "unless otherwise mutually agreed upon." It is claimed, and the evidence so shows, that plaintiff was advised of the reductions in salary from the $13,000 annual salary and plaintiff was paid and accepted such reduced amounts. Plaintiff did voice dissatisfaction with such cuts in salary but accepted the same as paid.

As a further defense, said defendants assert that the $13,000 yearly salary was based upon the fact that plaintiff

had agreed to invest the sum of $15,000 in Klug Company and plaintiff needed such salary in order to make such investment and that such investment constituted a condition precedent under the contract.

And that the plaintiff having failed to comply with such condition precedent under the contract, the defendant Klug was justified in repudiating it.

We find no merit to the foregoing defense for the reason that the contract contains no such condition precedent nor could any oral agreement in respect thereto be effective to vary the terms of the written agreement. Furthermore, even if such provision could be considered as being required to be met by plaintiff before the written contract was effective at all, the defendants here are not seeking to repudiate or rescind the contract. But, rather, they are defending this action on the basis of their right to reduce plaintiff's compensation by virtue of the contractual provision which calls for a $13,000 annual salary *unless otherwise mutually agreed upon.* It is their claim that by acceptance of reduced amounts and acquiescence in their receipt by plaintiff, the reduced salary was arrived at by mutual agreement.

Even if, as claimed by plaintiff, the defendants had agreed to pay plaintiff "any additional compensation" above the decreased salary out of profits and resulting from an "upturn in business," still plaintiff's position is not strengthened. This, for the reason that there is a complete absence of any evidence that the defendants enjoyed such an upturn in business or reaped any profits.

It is our view that the evidence does not preponderate to the effect that plaintiff is entitled to recover for the years 1958 and 1959 the difference between that which he was actually paid by the defendants and the sum of $13,000. His recovery of the amounts he claims must, of course, be based upon the written agreement here in evidence. That contract, in our opinion, provides that plaintiff's annual compensation can be fixed by mutual agreement of the parties at a sum other than $13,000. That plaintiff's acceptance of such reduced salary proposed by the defendants, constituted evidence of his assent thereto despite his displeasure therewith. His conduct, after being informed by the defendants of the proposed reduction in salary,

while termed by plaintiff's counsel as a protest over and disagreement therewith, in our opinion, merely constituted an expression of displeasure with such proposal.

We, therefore, find that the plaintiff is not entitled to recover as prayed for in his petition. However, we do find that he is entitled to recover from the defendants that amount of salary he was receiving on the first of January, 1960, for the period of from January 1, 1960 to and including the 15th of January, 1960. The evidence shows that he would have received during this period the sum of $390, said sum being based upon the monthly salary he was receiving upon the date of his discharge.

Judgment, therefore, will be awarded plaintiff against these defendants in the sum of $390 together with interest at six per cent from January 1, 1960 and his costs herein expended.

At the close of plaintiff's case the defendants moved the court to dismiss plaintiff's action. At that time the court reserved its ruling thereon. The court now overrules such motion.

The defendants thereupon offered no evidence and rested.

The plaintiff contends that the defendants rested without offering any evidence [which] constitutes, in effect, a demurrer to the evidence of the plaintiff and that the demurrer admits that the evidence offered by plaintiff supports his claim and constitutes further an admission of basic facts essential to plaintiff's case. Such contention of the plaintiff respecting the effect of defendants' failure to offer any evidence is wholly without merit.

The defendants' failure to offer any evidence does not, of course, admit that the plaintiff has established by the evidence all the elements essential to a recovery by him. Such failure to offer any evidence does not have the effect of stipulating as to the existence of the facts which plaintiff claims his evidence has established. The plaintiff is by no means relieved of the necessity of proving his case by a preponderance of the evidence by defendants' failure to offer any evidence.

The effect of the defendants' motion for a finding in their favor at the close of the plaintiff's case merely raises the question whether the plaintiff's evidence is legally sufficient that is, whether he has offered evidence in support of each element

required to be proven by him. Upon said motion being over-ruled and no evidence being offered by the defendant, the case then must be determined, as we have done here, upon the issue of whether plaintiff has sustained his claim by a preponderance of the evidence. This, we find, he failed to do except in so far as he showed a right to recover said sum of $390.

An entry may be prepared in accordance with this opinion.